
DA 08-0387

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2009 MT 150

---

STATE OF MONTANA,

       Plaintiff and Appellee,

  v.

THOMAS OWEN PERKINS,

       Defendant and Appellant.

---

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. CDC 06-013
Honorable Kenneth R. Neill, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

            Jim Wheelis, Chief Appellate Defender; Kelli S. Sather, Assistant
Appellate Defender, Helena, Montana

       For Appellee:

            Hon. Steve Bullock, Montana Attorney General; Mardell Ployhar,
Assistant Attorney General, Helena, Montana

            Brant Light, Cascade County Attorney, Great Falls, Montana

---

                  Submitted on Briefs:  April 15, 2009

                       Decided:  May 5, 2009

Filed:

       _____
                     Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Thomas Owen Perkins appeals portions of the July 24, 2008, sentence he received from the District Court of the Eighth Judicial District, Cascade County, the Hon. Kenneth R. Neill presiding. We affirm in part, reverse in part, and remand.

¶2     Perkins presents the following issues for review:

¶3     Issue One: Whether the District Court properly imposed restitution as part of the sentence.

¶4     Issue Two: Whether the District Court properly ordered Perkins to register as a violent offender as part of the sentence.

## PROCEDURAL AND FACTUAL BACKGROUND

¶5     In 2005 Perkins was living with a woman (N.C.) and her three-year-old daughter (C.C.). C.C.'s aunt (P.M., N.C.'s sister) noticed bruising on C.C. and did not believe N.C.'s explanation that C.C. had been injured by falling out of bed. P.M. took the child to a doctor who suspected child abuse and made a report of the injuries to law enforcement. Youth in need of care proceedings were commenced and as a result C.C. was removed from her mother's home and placed in foster care with her aunt P.M. for seventeen months.

¶6     Perkins was interviewed about the child's injuries and admitted throwing her onto a daybed where she struck her back on the frame. Investigating officers noted bruising on the child's eyes, neck, chin, shoulders, arms, and back and scrapes on her neck. In January, 2006, Perkins was charged with assault on a minor, a felony, in violation of

2

§ 45-5-212, MCA. In January, 2008 he entered an agreement to plead guilty to an amended charge of felony criminal endangerment in violation of § 45-5-207, MCA. The plea agreement provided that the State could seek restitution as part of the sentence.

¶7 The District Court sentenced Perkins to a term of ten years, with eight suspended. Over Perkins' objection, as part of the sentence the District Court ordered him to pay $5,947 in restitution to P.M. and to register as a violent offender. The restitution to P.M. was based upon expenses she incurred caring for C.C. after the child was removed from the mother's home following discovery of the injuries inflicted by Perkins. Perkins appeals the restitution and registration requirements.

## STANDARD OF REVIEW

¶8 This Court reviews a sentence that includes at least one year of incarceration for legality only and not for inequity or disparity. *State v. Ariegwe*, 2007 MT 204, ¶ 174, 388 Mont. 442, 167 P.3d 815. The review is confined to determining whether the sentencing court had statutory authority to impose the sentence, whether the sentence falls within the parameters set by the applicable statute, and whether the court followed the affirmative mandates of the sentencing statute. *State v. Breeding*, 2008 MT 162, ¶ 10, 343 Mont. 323, 184 P.3d 313. The determinations made during the review for legality are questions of law that this Court reviews *de novo*. *Breeding*, ¶ 10.

## DISCUSSION

¶9 *Issue One: Whether the District Court properly imposed restitution as part of the sentence.* At the sentencing hearing in July, 2008, the State requested that the District Court require that Perkins make restitution to P.M. for her expenses caring for C.C. that

3

had not been reimbursed as part of the foster care program. P.M. testified and submitted an itemized statement of expenses totaling $5,947.56. The largest portion of the amount was $4,200 in day care expenses. Perkins objected to the restitution request, arguing that C.C.'s mother should be held responsible for any reimbursement of child care expenses. Perkins conceded a connection between his crime and part of the day care expenses, offering to be responsible for six of the seventeen months.

¶10    The District Court concluded that there was sufficient causal connection between Perkins' conduct and the expenses incurred by P.M. Perkins' conduct was the precipitating event in the youth in need of care proceedings that led to removal of C.C. from her mother's home and placement with P.M. In addition, Perkins conceded a connection to and responsibility for at least a portion of the expenses. The District Court ordered restitution to be made in the amount of $5,947.56. On appeal the State concedes that $78.44 of the ordered restitution was not supported by the documentation presented to the District Court, and that the total should accordingly be reduced.

¶11    An offender's liability for a victim's pecuniary loss is joint and several, so that restitution may be ordered even if another person may also be liable. *State v. Workman*, 2005 MT 22, ¶¶ 18-20, 326 Mont. 1, 107 P.3d 462. A sentencing court may require the offender to make restitution to a victim as part of a sentence. Section 46-18-201(5), MCA. If restitution is ordered under this statute, the allowable "pecuniary loss" is measured by the special damages the victim could recover from the offender in a civil action. Section 46-18-243(1), MCA. At the sentencing hearing the District Court noted these statutory provisions and found that there was sufficient connection between the

4

offense and the expenses and that they were recoverable in a civil action. Perkins conceded, at least in part, a connection between the amount sought and his offense.

¶12 In addition, it is well established that district courts have broad powers to impose reasonable requirements on the offender. Section 46-18-202(1)(f), MCA, allows a court to include in a sentence "any other limitation reasonably related to the objectives of rehabilitation and the protection of the victim and society." We have held that this statute also provides a basis for a district court to order payment of restitution. *State v. McIntire*, 2004 MT 238, ¶ 18, 322 Mont. 496, 97 P.3d 576.

¶13 There was therefore sufficient legal authority for the District Court to impose a requirement of restitution to P.M. as part of the sentence. Since the State concedes that the amount ordered is in error by $78.44, the matter will be remanded to the District Court for correction of the sentence.

¶14 *Issue Two: Whether the District Court properly ordered Perkins to register as a violent offender as part of the sentence.* At the sentencing hearing the District Court stated that as part of the sentence Perkins would be required to register as a violent offender. The written sentence mistakenly requires Perkins to register as a sex offender.

¶15 The State concedes that the registration requirement on either basis was imposed in error. Perkins was convicted of criminal endangerment, which is not one of the offenses that require registration as a violent offender. Section 46-23-502(13), MCA. Upon Perkins' motion and in view of his imminent release from prison, we issued an order striking the registration condition from his sentence. Since the sentence must be

5

remanded to the District Court for correction of the amount of restitution, the registration error should also be corrected in the sentence at the same time.

¶16    The sentence appealed from is affirmed in part, reversed in part and remanded to the District Court for correction of the sentence in accordance with this opinion.


/S/ MIKE McGRATH


We concur:

/S/ W. WILLIAM LEAPHART
/S/ JIM RICE
/S/ BRIAN MORRIS
/S/ JAMES C. NELSON