FILED

January 20 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0072

DA 14-0072

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 14

STATE OF MONTANA,

> Plaintiff and Appellee,

v.

JESSE TYLER THORPE,

> Defendant and Appellant.

APPEAL FROM: District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC 12-527
Honorable Edward P. McLean, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Jesse Froehling, Froehling Law Office; Puyallup, Washington

For Appellee:

Timothy C. Fox, Montana Attorney General; C. Mark Fowler, Appellate
Services Bureau Chief; Helena, Montana

Kristen Pabst, Missoula County Attorney; Patricia Bower, Deputy
County Attorney; Missoula, Montana

Submitted on Briefs: December 3, 2014
Decided: January 20, 2015

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1    Jesse Tyler Thorpe appeals the Fourth Judicial District Court's order that he pay $3,143 in restitution following his conviction for violating an order of protection. The sole issue on appeal is whether the restitution order was proper. We conclude that it was not. We vacate and remand.

## PROCEDURAL AND FACTUAL BACKGROUND

¶2    In December 2009, Ericka L., the mother of then four-year old A.L., sought an order of protection restraining Thorpe from being near A.L. The petition relied on A.L.'s statements suggesting that Thorpe sexually abused her. On December 4, 2009, the Missoula Municipal Court granted the petition and issued a temporary order of protection restraining Thorpe from being within 1,500 feet of A.L. The order was made permanent on March 27, 2012. From December 2009 through December 2012, A.L. received counseling for the alleged sexual abuse.

¶3    On multiple occasions in the spring of 2012, Erika saw Thorpe's car parked outside a house near the school that A.L. attends. On one occasion, A.L's grandmother saw Thorpe on the house's back deck. Erika contacted law enforcement authorities who in turn contacted Thorpe. Thorpe explained that his girlfriend lived at the house where the car was parked. A.L. did not know of these incidents until at least November 8, 2012. On that date, Erika drove with A.L. past the house and saw Thorpe's car parked there. Erika called 9-1-1 while A.L. was still in the car, alerting A.L. that Thorpe was nearby.

2

¶4     On November 16, 2012, the State filed an Information charging Thorpe with six counts of violating § 45-5-626, MCA, which criminalizes the violation of an order of protection. After a bench trial, the District Court found Thorpe guilty of one of those counts and dismissed the rest. At sentencing, the court sentenced Thorpe to six months' incarceration with all six months suspended. The court also ordered Thorpe to pay restitution for Erika's out-of-pocket expenses for all of A.L.'s counseling, which amounted to $3,143.

¶5     Thorpe appeals the restitution order.

## STANDARDS OF REVIEW

¶6     The meaning of a restitution statute as applied to the facts of a case is a mixed question of law and fact that we review de novo. We will uphold a district court's findings of fact unless they are clearly erroneous. *State v. Cerasani*, 2014 MT 2, ¶ 11, 373 Mont. 192, 316 P.3d 819.

## DISCUSSION

¶7     A district court's power to impose a criminal sentence is constrained to specific statutory authority. *State v. Breeding*, 2008 MT 162, ¶ 12, 343 Mont. 323, 184 P.3d 313. Section 46, chapter 18, MCA, directs a district court to order a defendant to pay restitution to a "victim" who has suffered a "pecuniary loss." Sections 46-18-201(5), -241(1), MCA. As applicable here, a victim is "a person who suffers loss of property, bodily injury, or death as a result of . . . the commission of an offense[.]" Section 46-18-243(2)(a), MCA. Pecuniary loss includes "special damages . . . that a person could

3

recover against the offender in a civil action arising out of the *facts or events constituting the offender's criminal activities . . . .*" Section 46-18-243(1), MCA (emphasis added). We have interpreted the definition of pecuniary loss to require a "causal relation" between the defendant's criminal conduct and the loss. *State v. Jent*, 2013 MT 93, ¶ 13, 369 Mont. 468, 299 P.3d 332; *State v. Brownback*, 2010 MT 96, ¶ 20, 356 Mont. 190, 232 P.3d 385. Thus, restitution may be imposed for losses caused by the facts or events constituting "offenses to which the accused (1) has admitted, (2) has been found guilty, or (3) has agreed to pay restitution." *State v. Blanchard*, 270 Mont. 11, 16, 889 P.2d 1180, 1183 (1995), *overruled on other grounds by State v. Herman*, 2008 MT 187, ¶ 12 n.1, 343 Mont. 494, 188 P.3d 978; *see State v. Breeding*, 2008 MT 162, ¶ 19, 343 Mont. 323, 184 P.3d 313.

¶8 Thorpe argues that the District Court erred by ordering him to pay restitution for losses that were not caused by his violation of the order of protection. Thorpe maintains that he was convicted for his conduct on April 25, 2012, that violated the order of protection, yet the court ordered restitution for counseling costs beginning in December 2009. The State responds that Thorpe's actions caused A.L.'s psychological distress and her need for counseling, and precipitated the order of protection in 2009. Under the State's theory, the alleged sexual abuse is either a criminal offense in its own right or part of the facts or events constituting the violation of the order of protection.

¶9 Thorpe was found guilty of one count of violating § 45-5-626, MCA. That section states, "A person commits the offense of violation of an order of protection if the person,

4

with the knowledge of the order, purposely or knowingly violates" an order of protection. Section 45-5-626(1), MCA. The facts or events constituting Thorpe's offense consist of the entry of the order of protection, Thorpe's knowledge of the order, Thorpe's presence at his girlfriend's house, and Thorpe's knowledge that his girlfriend's house was within 1,500 feet of A.L.'s school. The Information alleged that Thorpe's violation occurred in April 2012. The alleged sexual abuse for which A.L. received counseling is not a part of events or facts constituting the criminal activities with which Thorpe was charged and convicted: being within 1,500 feet of A.L.'s school in violation of the order of protection. The District Court implicitly acknowledged as much by barring evidence at Thorpe's trial about the events giving rise to the order of protection.

¶10 The State cites several cases in which we upheld restitution for losses that were not the immediate result of the actions for which the defendant was prosecuted. In *State v. McIntire,* 2004 MT 238, 322 Mont. 496, 97 P.3d 576, we concluded that a defendant who pleaded guilty to burglary for stealing checks was liable for restitution for losses resulting from the forgery of those checks. *McIntire*, ¶¶ 6, 19. *McIntire* relied on the "causal relation" between the crime to which the defendant pleaded his guilt and the loss for which restitution was ordered. *McIntire*, ¶ 17. Here, by contrast, there is no evidence that Thorpe was found guilty of the sexual abuse that had the alleged causal relation with A.L.'s need for counseling beginning in December 2009.

¶11 In *State v. Ness*, 2009 MT 300, 352 Mont. 317, 216 P.3d 773, the defendant struck the victim with his car, drove off from the scene of the crime, and repaired his car. The

victim died. *Ness*, ¶¶ 3-4. After the defendant pleaded guilty to tampering with evidence and admitted in his plea agreement that he hit the victim with his car, we concluded that the defendant was liable for restitution for the victim's funeral expenses. *Ness*, ¶¶ 16-17. *Ness* likewise does not support the State's argument: there, although it was not the crime for which he was convicted, the defendant admitted the criminal act that caused the loss (striking the victim with his vehicle). *Ness*, ¶ 16. We reasoned that, because Ness had admitted the act without which there could have been no tampering, there was a sufficient connection to support restitution of the victim's funeral expenses. *Ness*, ¶¶ 16-17. Here, by contrast, there is no evidence that Thorpe ever admitted the alleged sexual abuse or agreed to pay restitution for it. Because, under §§ 40-15-201 through -202, MCA, the issuance of an order of protection turns merely upon good cause and not proof beyond a reasonable doubt, *see Lear v. Jamrogowicz*, 2013 MT 147, ¶ 26, 370 Mont. 320, 303 P.3d 790, the findings that led to the issuance of the order of protection against Thorpe are not equivalent to findings that Thorpe was criminally responsible for sexually abusing A.L.

¶12   The State offers no authority that supports defining "the facts or events constituting the offender's criminal activities," § 46-18-243(1), MCA, so loosely that an offense of violating an order of protection would encompass events from years prior that supported good cause for entry of the order of protection. As we stated in *Jent*, "a causal relation between the offender's criminal conduct and the pecuniary loss is the touchstone for determining whether a person or entity is a victim entitled to restitution." *Jent*, ¶ 13. The facts or events underlying the entry of an order of protection, if not admitted or

6

proved in the criminal case, may be too "attenuated" to be considered "a result of" the offense as required by the restitution statute. *Jent*, ¶ 13.

¶13 The State also calls our attention to *State v. Perkins*, 2009 MT 150, 350 Mont. 387, 208 P.3d 386, in which we upheld a restitution award that was "reasonably related to the objectives of rehabilitation and the protection of the victim and society." *Perkins*, ¶ 12 (citing § 46-18-202(1)(f), MCA (2009) (now codified in § 46-18-202(1)(g), MCA)). But we also determined in that case that the award met the requirements of the specific restitution statutes, and that the defendant had "conceded, at least in part, a connection between the amount sought and his offense." *Perkins*, ¶ 11. As a general statutory provision, § 46-18-202(1)(g), MCA, cannot control over the specific provisions of the restitution statutes. *See* § 1-2-102, MCA; *State v. Plouffe*, 2014 MT 183, ¶ 27, 375 Mont. 429, 329 P.3d 1255.

¶14 The restitution statutes did not grant the District Court the authority to impose restitution for A.L.'s counseling costs in the absence of a causal relation between Thorpe's offense and those costs, or an admission by Thorpe that he committed the criminal acts that led to those costs, or an agreement by Thorpe to pay those costs. We therefore conclude that the District Court erred by ordering restitution for counseling expenses that did not result from Thorpe's violation of the order of protection. At sentencing, Thorpe argued that "the only parts of that therapy that can stem from this crime [are] November and December of 2012." We agree. As noted above, it appears undisputed that A.L. did not learn of Thorpe's violation until November 8, 2012.

7

Whether any of the counseling sessions after that date related to Thorpe's violation is a factual determination that must be made by the District Court. We remand for the District Court to consider that factual issue and to order restitution in an amount consistent with its findings.

## CONCLUSION

¶15 We vacate and remand for recalculation of the restitution owed.

/S/ BETH BAKER

We concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ PATRICIA COTTER