FILED

February 24 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 13-0775

DA 13-0775

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 56

STATE OF MONTANA,

        Plaintiff and Appellee,

  v.

CYNTHIA MAE HENDERSON,

        Defendant and Appellant.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. ADC 2012-122
Honorable Mike Menahan, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Kirsten H. Pabst, Attorney at Law, Missoula, Montana

        For Appellee:

            Timothy C. Fox, Montana Attorney General, Tammy K Plubell, Assistant
Attorney General, Helena, Montana

            Leo J. Gallagher, Lewis and Clark County Attorney, Helena, Montana

            Mike Winsor, Special Deputy Lewis and Clark County Attorney, Office of
the Commissioner of Securities and Insurance, Montana State Auditor,
Helena, Montana

                Submitted on Briefs:  November 19, 2014
                            Decided:  February 24, 2015

Filed:

_____
Clerk

Justice Patricia Cotter delivered the Opinion of the Court.

¶1     In May 2013, Cynthia Henderson entered a guilty plea to felony insurance fraud and theft.  In September 2013, the First Judicial District Court, Lewis and Clark County, ordered her to pay restitution in the amount of $22,602.24 to Fire Insurance Exchange. She appealed.  We affirm.

## ISSUE

¶2     Did the District Court err when it ordered Henderson to pay restitution to Fire Insurance Exchange?

## FACTUAL AND PROCEDURAL BACKGROUND

¶3     From August 2000 through January 8, 2008, Fire Insurance Exchange (FIE) insured Henderson's home in Clancy, Montana, against various perils including theft and vandalism.  In 2005, Henderson moved from the home and relocated out of state.  She left many personal items behind in the home.  On May 1, 2007, Henderson contacted FIE to initiate a claim under her homeowner's policy.  She asserted that family members had notified her that her home had been broken into and robbed on two separate occasions. These invasions were discovered on October 21, 2006, and April 23, 2007.  The earlier robbery was reported to and investigated by the Jefferson County Sheriff's Department but the Sheriff's Department did not generate a criminal report or develop a suspect.  The second robbery was not reported.

¶4     In 2008, a suspect in possession of some of the stolen property was arrested, and FIE therefore concluded that Henderson was a reliable witness.  FIE paid Henderson $22,602.24, representing property damage and actual cash value for the items Henderson

2

claimed were stolen from the home. FIE retained a reservation of rights under the policy, one such reservation being a provision that voided the entire policy in the event Henderson knowingly concealed or misrepresented any material fact pertaining to the claim.

¶5 Under Henderson's policy, she was entitled to submit an additional claim for the replacement cost of items stolen. On June 26, 2009, Henderson submitted a supplemental claim in the amount of $23,102.72 for personal property she asserted she had replaced. She provided numerous receipts to substantiate her replacement claims. FIE found the receipts to be suspicious and upon investigation concluded they were fraudulent. It denied the supplemental claim and made a referral for criminal charges.

¶6 Henderson was charged by information on May 2, 2012, with felony insurance fraud and theft. The State demanded that Henderson repay to FIE, as restitution, the $22,602.24 the insurer had paid to Henderson on her initial claim. Henderson challenged the insurer's right to repayment of the initial claim, arguing it was not a fraudulent claim; however, she ultimately entered into a guilty plea attesting:

> That from on or about May 1, 2007, until on or about June 25, 2009, [Henderson] purposely and knowingly made false or misleading statement [sic] and presented a false receipt to my insurance company in support of my insurance depreciation claim for the purpose of obtaining money.

¶7 The District Court entered judgment on September 27, 2013, sentencing Henderson to six years, deferred, and imposing various surcharges, costs and conditions. The court also required Henderson to pay restitution to FIE in the amount of $22,602.24.

¶8 Henderson filed a timely appeal with respect to the restitution obligation.

3

**STANDARD OF REVIEW**

¶9    The District Court's imposition of restitution was based upon the court's interpretation of § 46-18-241, MCA. We review a court's conclusions of law and interpretation of statutes de novo for correctness. *State v. Petersen*, 2011 MT 22, ¶ 8, 359 Mont. 200, 247 P.3d 731.

**DISCUSSION**

¶10    *Did the District Court err when it ordered Henderson to pay restitution to Fire Insurance Exchange?*

¶11    Henderson argues that FIE is not entitled to restitution for the claims paid under the policy because the initial claim was legitimate. She asserts that because FIE sought criminal charges for her fraudulent claim for *replacement* value, and actually never paid any sums for replacement value, the insurer has not sustained a pecuniary loss as a result of her criminal conduct.

¶12    The State counters that the "Fraud and Concealment" policy provision establishes that any fraudulent conduct on the part of the policy holder, either before or after a claim has been submitted, voids the policy. Consequently, Henderson's subsequent fraudulent replacement value claim voided her policy and the insurer suffered a pecuniary loss in the amount of her initial claim—$22,602.24.

¶13    We review a district court's imposition of a criminal sentence to determine if the sentence is statutorily authorized. *State v. Thorpe*, 2015 MT 14, ¶ 7, 378 Mont. 62, ___ P.3d ____. Section 46, chapter 18, MCA, directs a district court to order a defendant to pay restitution to a victim who has suffered a pecuniary loss. Sections 46-18-201(5), -241(1), MCA. We have previously interpreted the definition of pecuniary loss to require

4

a "causal relation" between the defendant's criminal conduct and the loss. *Thorpe*, ¶ 7 (citations omitted). Restitution may be imposed for losses caused by the facts or events constituting "offenses to which the accused (1) has admitted, (2) has been found guilty, or (3) has agreed to pay restitution." *Thorpe*, ¶ 7. Here, in pleading guilty, Henderson undisputedly attested to making false claims between May 1, 2007, and June 25, 2009. In that Henderson submitted her fraudulent replacement value claim on June 26, 2009, the time period specified in her plea clearly encompassed the timing of her initial insurance claims. As a result, Henderson "has admitted" to a criminal offense that resulted in a pecuniary loss to victim FIE and for which the District Court was statutorily authorized to impose an obligation of restitution.

## CONCLUSION

¶14 For the foregoing reasons, we affirm the District Court's order requiring Henderson to pay restitution to Fire Insurance Exchange.

/S/ PATRICIA COTTER

We Concur:

/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ JIM RICE