FILED

September 1 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0206

DA 14-0206

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 259

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

ALVIN CORNELL LEE,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Sixteenth Judicial District,
                    In and For the County of Garfield, Cause No. DC 17-2013-1
                    Honorable George Huss, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Wade Zolynski, Chief Appellate Defender, Chad R. Vanisko, Assistant
            Appellate Defender, Helena, Montana

      For Appellee:

            Timothy C. Fox, Montana Attorney General, Mardell Ployhar, Assistant
            Attorney General, Helena, Montana

            Gary Ryder, Garfield County Attorney, Jordan, Montana

Submitted on Briefs:  July 29, 2015
           Decided:  September 1, 2015

Filed:

                                      Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Alvin Cornell Lee pleaded nolo contendere to robbery, assault with a weapon, and burglary. The Sixteenth Judicial District Court, Garfield County, sentenced him to prison and imposed numerous conditions on his partially suspended term. On appeal, Lee raises several sentencing issues, but we find one to be dispositive: whether the District Court had authority to order the sale of Lee's firearms and apply the proceeds to Lee's incarceration in a county detention center. We reverse and remand for entry of an amended judgment.

## PROCEDURAL AND FACTUAL BACKGROUND

¶2 The State charged Lee with robbery under § 45-5-401, MCA, assault with a weapon under § 45-5-213, MCA, and burglary under § 45-6-204, MCA. The charges stem from allegations that, in July 2013, Lee unlawfully entered a couple's home, pointed a gun, and demanded money. Officers arrested Lee shortly thereafter and confiscated weapons in Lee's home and vehicle. Garfield County—where the crime took place— paid to incarcerate Lee in the Valley County Detention Center until Lee's sentencing hearing in May 2014.

¶3 Lee and the State reached a plea agreement in which Lee agreed to plead nolo contendere to all charges in exchange for the State not pursuing sentencing enhancements for the use of a dangerous weapon under § 46-18-221, MCA. At Lee's sentencing hearing, the State sought restitution on behalf of Garfield County for the costs of incarcerating Lee for 216 days as well as the costs of medical treatment Lee required while incarcerated.

2

¶4    The District Court sentenced Lee for the robbery charge to Montana State Prison for twenty years with the last ten years suspended, and sentenced Lee for the assault and burglary charges each for ten years with those sentences running concurrently with the robbery sentence.  The court prohibited Lee from owning any firearms during the term of his sentences.

¶5    At the oral pronouncement of the sentence, the District Court stated, "I'm going to direct the Garfield County sheriff to sell your firearms that he has seized and apply those toward the cost of your incarceration at the Valley County Facility."  Similarly, in the written sentencing order, the District Court specified that Lee's firearms "in the possession of the Sheriff are to be sold by the Sheriff and applied to the cost of [Lee's] incarceration in the Valley County Detention [F]acility.  The amount of his incarceration costs is $12,630.27."  These statements in the written sentencing order and the oral pronouncement of the sentence are the only statements by the District Court relating to Lee's incarceration costs.  The District Court did not impose any restitution or fines, but did impose numerous surcharges and fees, including felony surcharges, court information technology surcharges, a presentence investigation report fee, and victim and witness advocate program surcharges.  The District Court declined to impose the costs of Lee's prosecution or defense.

**STANDARD OF REVIEW**

¶6    A district court's authority to impose a sentence is confined to statute.  *State v. Thorpe*, 2015 MT 14, ¶ 7, 378 Mont. 62, 342 P.3d 5.  We review challenges to the

3

legality of criminal sentences de novo. *State v. Mainwaring*, 2007 MT 14, ¶ 7, 335 Mont. 322, 151 P.3d 53.

**DISCUSSION**

¶7    Lee raised numerous challenges to the District Court's direction that Garfield County sell his firearms and keep the proceeds. He argues (1) that § 7-32-2245(1), MCA, does not provide a district court with the authority to retroactively impose the cost of incarceration in a detention center; (2) that, under § 46-18-201(4)(d), MCA, a district court does not have the authority to make costs of incarceration payable until a suspended portion of a sentence takes effect; (3) that the District Court in this case did not make findings necessary to impose costs of confinement (including medical costs during confinement); and (4) that the District Court did not have the authority to order the sale of Lee's firearms without the State first filing either a petition for forfeiture or a petition for disposition of property held in evidence. The State partially concedes the last argument, which we address below.

¶8    "[T]he general rule is that seized property, other than contraband, should be returned to its rightful owner once the criminal proceedings to which it relates have terminated, unless it is then subject to forfeiture or other proceedings which are timely brought." *State v. Fadness*, 2012 MT 12, ¶ 20, 363 Mont. 322, 268 P.3d 17. In *Fadness*, we upheld a district court's order that a felon's firearms be sold after the State filed a petition for the disposition of evidence under §§ 46-5-306 through -309, MCA. *Fadness*, ¶ 46.

4

¶9 The State concedes that the District Court lacked authority to order that the proceeds of the sale of Lee's firearms be kept by Garfield County. However, the State suggests that this Court can remedy the conceded illegality by remanding for the District Court to clarify that the proceeds of the sale should be returned to Lee. The State cites *Fadness* as authority for its proposed arrangement. *Fadness*, however, is distinguishable. Montana law provides three methods by which the State may gain control of a convicted offender's property: civil forfeiture proceedings under §§ 44-12-101 through -206, MCA; criminal forfeiture proceedings under § 45-9-206, MCA; or a petition under § 46 5-307, MCA, for the destruction, disposal, or use of physical evidence in the State's possession. Unlike in *Fadness*, the State in this case never filed a petition for the disposition of evidence. Nor has the State argued that the firearms seized are subject to criminal or civil forfeiture or commenced any proceedings for those purposes.[1]

¶10 A district court can only impose a sentence that the Legislature provides it the authority to impose. *Thorpe*, ¶ 7. The District Court did not cite applicable statutory authority when it ordered the sale of Lee's firearms as part of his sentence, and neither Lee nor the State has alerted us to any such authority on appeal. Without statutory authority, the ordered sale of Lee's firearms is illegal.

¶11 Although the parties present substantial argument about the District Court's authority to order Lee to pay for his pre-sentencing incarceration, the judgment reflects no such order other than through the sale of Lee's firearms. The District Court provided

---

[1] Nor, for that matter, has Lee filed a petition under § 46-4-312, MCA, seeking the return of his seized property.

an itemized list of amounts that it ordered Lee to pay, and did not include an order for the payment of incarceration costs. Because the court lacked authority to order the sale of Lee's firearms, the District Court must, on remand, strike that condition from the judgment. Once that condition is removed, Lee no longer will be responsible for his incarceration costs under any provision of the sentencing order. Accordingly, the remaining arguments that Lee makes on appeal regarding whether the District Court properly imposed the costs of his incarceration are moot.

## CONCLUSION

¶12    We reverse and remand for entry of an amended judgment striking the condition that Lee's firearms be sold and the proceeds applied against Lee's incarceration costs.


                                        /S/ BETH BAKER

We concur:

/S/ JAMES JEREMIAH SHEA
/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT
/S/ JIM RICE