FILED

07/26/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0072

DA 15-0072

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 178

STATE OF MONTANA,

        Plaintiff and Appellee,

   v.

JOEY WENDELL BRAVE,

        Defendant and Appellant.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Broadwater, Cause No. DC 13-28
Honorable James P. Reynolds, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Chad Wright, Chief Appellate Defender, Haley W. Connell, Assistant Appellate Defender, Helena, Montana

        For Appellee:

            Timothy C. Fox, Montana Attorney General, Katie F. Schulz, Assistant Attorney General, Helena, Montana

            Cory Swanson, Broadwater County Attorney, Townsend, Montana

Submitted on Briefs:  June 1, 2016

Decided:  July 26, 2016

Filed:

_____
Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Joey Wendell Brave appeals an order on restitution and a judgment of the First Judicial District Court, Broadwater County, requiring him to pay restitution for his conviction of criminal endangerment and imposing various probation conditions. We address:

> 1. *Whether the District Court erred in ordering Brave to pay $25,000 in restitution.*

> 2. *Whether the District Court erred in imposing several probation conditions.*

¶2 We affirm the District Court's restitution order. We reverse several of the probation conditions and remand the judgment to the District Court for proceedings consistent with this Opinion.

## PROCEDURAL AND FACTUAL BACKGROUND

¶3 On July 15, 2013, the State of Montana charged Brave with sexual intercourse without consent, a felony in violation of § 45-5-503, MCA. The State alleged that Brave had sexual intercourse with A.C. and, as a result, A.C. became pregnant and gave birth to twins. At the time of the alleged offense, Brave was eighteen years old and A.C. was fourteen years old. On May 16, 2014, the parties entered into a plea agreement, and Brave pled guilty to an amended charge of criminal endangerment, a felony in violation of § 45-5-207, MCA.

¶4 The District Court held a restitution hearing on September 12, 2014, and a sentencing hearing on November 7, 2014. On November 13, 2014, the District Court issued a restitution order, ordering Brave to pay $35,667.36 in restitution to A.C.'s

2

mother, D.C. The restitution award included $25,000 D.C. claimed as lost wages because of a ten-week Family and Medical Leave Act (FMLA) leave of absence she took from work to care for A.C. and the twins, three months after the twins were born. On December 9, 2014, the District Court issued its judgment, imposing a six-year deferred sentence, subject to conditions of probation. Brave appeals the restitution order and the judgment, challenging the $25,000 in restitution to D.C. for lost wages and several of the probation conditions.

## STANDARDS OF REVIEW

¶5    If an offender is sentenced to less than one year of actual incarceration, we utilize a two-tiered approach. *State v. Herd*, 2004 MT 85, ¶ 22, 320 Mont. 490, 87 P.3d 1017. "Upon request, we will review such sentences for both legality *and* abuse of discretion." *Herd*, ¶ 22 (emphasis in original). Brave does not argue that his sentence constitutes an abuse of discretion. Therefore, we review Brave's sentence for legality only. *See State v. McCaslin*, 2011 MT 221, ¶ 6, 362 Mont. 47, 260 P.3d 403. "A sentence is legal if it falls within statutory parameters." *McCaslin*, ¶ 6.

¶6    "The appropriate measure of restitution is a question of law, which we review for correctness." *State v. Aragon*, 2014 MT 89, ¶ 9, 374 Mont. 391, 321 P.3d 841 (citation omitted). We review for clear error a district court's finding of fact as to the amount of restitution. *Aragon*, ¶ 9. A factual finding is clearly erroneous if it is not supported by substantial evidence, if the court misapprehended the effect of the evidence, or if our review of the record convinces us that the court made a mistake. *Aragon*, ¶ 9. "Substantial evidence is evidence that a reasonable mind might accept as adequate to

3

support a conclusion; it consists of more than a mere scintilla of evidence, but may be somewhat less than a preponderance." *Aragon*, ¶ 9 (citation and internal quotation marks omitted).

## DISCUSSION

¶7   *1. Whether the District Court erred in ordering Brave to pay $25,000 in restitution.*

¶8   Under Montana law, "a sentencing court shall, as part of the sentence, require an offender to make full restitution to any victim who has sustained a pecuniary loss, including a person suffering an economic loss," § 46-18-241(1), MCA, such as loss of income, *see* § 46-18-243(1)(a), MCA. "The extent of the restitution obligation is not limited to the defined elements of the offense and is not limited to losses that arise as a 'direct' result of the offense." *State v. Cerasani*, 2014 MT 2, ¶ 13, 373 Mont. 192, 316 P.3d 819 (quoting *State v. LaTray*, 2000 MT 262, ¶ 14, 302 Mont. 11, 11 P.3d 116). Rather, "[a] condition of a sentence will be upheld as long as there is a nexus either to the offense or to the offender." *Cerasani*, ¶ 12. For example, in *State v. Perkins*, 2009 MT 150, ¶¶ 5, 6, 350 Mont. 387, 208 P.3d 386, a child was placed into foster care with her aunt, P.M., during Youth in Need of Care proceedings that resulted in the defendant's conviction of criminal endangerment. We upheld the district court's restitution award for expenses P.M. incurred that were not covered by the foster care program, including daycare. *Perkins*, ¶¶ 9, 13.

¶9   The victim of a criminal act has a duty to mitigate restitution damages. *State v. Kalal*, 2009 MT 103, ¶ 9, 350 Mont. 128, 204 P.3d 1240. However, this duty is limited;

4

an injured person is not expected to do what is unreasonable or impracticable. *Kalal*, ¶ 9. Thus, we consider what a reasonable and prudent person would be expected to do, if capable, under the circumstances. *Kalal*, ¶ 9. The District Court found that D.C.'s lost wages for her ten weeks of FMLA leave were necessarily connected to assisting her minor daughter in caring for the twins. Brave does not dispute that D.C. took ten weeks of FMLA leave or that her salary for that time period amounted to $25,000. Rather, he contends that D.C. should have mitigated her damages by hiring a child care provider to care for the twins, which presumably would have cost less than D.C.'s hourly wage of $62.50.

¶10 In her application for FMLA leave, D.C. listed A.C. as the family member for whom she would provide care. She wrote: "[A.C.] is the 15 year old mother of twin girls (now 3 mo. old) and is going through an emotional time. She ran away from home and was hospitalized due to suicidal statements. Now in respite care & therapy. We're providing temporary legal guardianship for her babies." At the September 12, 2014 restitution hearing, D.C. testified that she took FMLA leave "[b]ecause [A.C.] was not able to care for twins on her own, so I had to help her." When asked whether there was anyone else who was able to care for the twins, D.C. answered: "No. Because I'm [A.C.'s] mom and she needed me there." Although D.C. later stated that she "probably could have" hired child care to help with the twins, this statement did not negate her need to care for A.C. When D.C. took FMLA leave, A.C. was a minor. Under the circumstances, it was reasonable that D.C. would not want to entrust a stranger with the care and support of her fifteen-year-old daughter, who had previously run away from

home, had been hospitalized due to suicidal statements, and was the new mother to infant twins. D.C. was not required to mitigate her damages by hiring a child care provider. The District Court did not err in awarding D.C. $25,000 in lost wages.

¶11 *2. Whether the District Court erred in imposing several probation conditions.*

¶12 Brave also alleges that the District Court erred by (1) attaching a sex offender tier designation to Brave; (2) issuing a written judgment that does not conform to its oral pronouncement of Brave's sentence; and (3) ordering Brave to pay Presentence Investigation Report (PSI) and public defender fees without making a determination of his ability to pay. The State concedes each of these allegations. Therefore, on remand:

- Condition "ee", which designates Brave as a Level 1 sexual offender, shall be stricken from the District Court's judgment.

- Condition "zz", which requires Brave to enter and complete sexual offender treatment, shall be stricken from the District Court's judgment.

- Condition "mm", which requires Brave to submit to annual polygraph testing, shall be stricken from the District Court's judgment.

- Condition "bb" of the District Court's judgment shall be amended to allow the Department of Health and Human Services, Child and Family Services Division (Department), to determine the appropriateness of Brave's contact with the victim and the victim's immediate family. In the event that the Department is no longer involved, the discretion for determining the appropriateness of any contact will revert to Brave's probation officer.

- The citation to § 45-5-503, MCA, in the first paragraph of the District Court's judgment shall be replaced with a citation to § 45-5-207, MCA.

- Pursuant to § 46-8-113, MCA, the District Court on remand shall determine Brave's ability to afford the costs of appointed counsel and PSI preparation.

**CONCLUSION**

¶13 We affirm the District Court's restitution order. We reverse several of the probation conditions in the District Court's judgment and remand for proceedings consistent with this Opinion.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ PATRICIA COTTER
/S/ LAURIE McKINNON
/S/ MICHAEL E WHEAT
/S/ JIM RICE