FILED

12/28/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0758

DA 16-0758

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 318

STATE OF MONTANA,

　　　　　　Plaintiff and Appellee,

　　v.

JUSTIN BOYD DODGE,

　　　　　　Defendant and Appellant.

APPEAL FROM:　　District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DC 15-444B
Honorable Robert B. Allison, Presiding Judge

COUNSEL OF RECORD:

　　　　　　For Appellant:

　　　　　　　　Chad Wright, Chief Appellate Defender, Moses Okeyo, Assistant Appellant
Defender, Helena, Montana

　　　　　　For Appellee:

　　　　　　　　Timothy C. Fox, Montana Attorney General, Katie F. Schulz, Assistant
Attorney General, Helena, Montana

　　　　　　　　Ed Corrigan, Flathead County Attorney, John H. Donovan, Kalispell,
Montana

　　　　　　　　　　　　Submitted on Briefs:　November 1, 2017

　　　　　　　　　　　　　　　　Decided:　December 28, 2017

Filed:

_____
　　　　　　　　　Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1     Justin Boyd Dodge (Dodge) appeals from a judgment and sentence of the Eleventh Judicial District Court, Flathead County, imposing $14,438.44 in restitution following his guilty plea for driving under the influence of alcohol or drugs (DUI).  We reverse and remand for the District Court to conduct a new restitution hearing and resentence Dodge.

¶2     Dodge presents the following issue for review:

> *Whether the District Court erred in ordering Dodge pay restitution for damaging a traffic signal without the State providing an affidavit or testimony specifically describing its pecuniary loss.*

## FACTUAL AND PROCEDURAL BACKGROUND

¶3     On November 10, 2014, while driving under the influence of methamphetamine in Kalispell, Montana, Boyd drove off the road and collided with a concrete block and traffic signal control box.  Subsequently, Boyd pleaded guilty to felony DUI.  Probation Officer Rae Baker (Baker) prepared a presentence-investigation report (PSI), in which she recommended Dodge pay $14,438.44 in restitution to the victim, the Department of Transportation.   Baker attached two documents prepared by the Department of Transportation to the PSI:  an invoice (Invoice) and a "Cost of Repair" ledger entry (Ledger Entry).  Both documents included a total cost of $14,438.44 to repair the damaged traffic signal.

¶4     On October 27, 2016, the District Court held a sentencing hearing.  The parties did not present testimony at the hearing.  The State recommended the District Court sentence Dodge to a thirteen month commitment to the Department of Corrections (DOC) for placement in the WATCh program, followed by a suspended five-year probationary term.

2

The State also recommended the District Court require Dodge pay $14,438.44 in restitution. Dodge objected to the restitution recommendation, stating:

> The statute [§ 46-18-242, MCA,] says that -- that there should be an affidavit. The wording says "shall," so we would ask that the restitution not be imposed and since there's nobody here to testify about the suggested restitution we don't know if they mitigated damages, if they sold any of the pieces or if they actually tried to shop around on the employee that charged a decent amount to do the fixing, so for those reasons we would ask that [the restitution amount] be stricken.

The District Court imposed the State's recommended sentence of a thirteen month commitment to the DOC with a recommendation for placement in the WATCh program, followed by a suspended five-year term. The District Court also imposed $14,438.44 in restitution.

¶5    Dodge appeals.

## STANDARD OF REVIEW

¶6    We review whether a district court had statutory authority to impose a sentence de novo. *State v. McMaster*, 2008 MT 268, ¶ 20, 345 Mont. 172, 190 P.3d 302 (citing *State v. Breeding*, 2008 MT 162, ¶ 10, 343 Mont. 323, 184 P.3d 313). Restitution awards present mixed questions of law and fact, which we also review de novo. *State v. Patterson*, 2016 MT 289, ¶ 9, 385 Mont. 334, 384 P.3d 92 (citing *State v. Cerasani*, 2014 MT 2, ¶ 11, 373 Mont. 192, 316 P.3d 819).

3

**DISCUSSION**

¶7 *Whether the District Court erred in ordering Dodge pay restitution for damaging a traffic signal without the State providing an affidavit or testimony specifically describing its pecuniary loss.*

¶8 Dodge argues a district court may impose restitution only where the victim submits an affidavit or provides testimony. Dodge maintains that the District Court lacked authority to sentence him to pay restitution because the State failed to provide an affidavit or testimony specifically describing its pecuniary loss. Dodge argues the Invoice and Ledger Entry do not specifically describe the Department of Transportation's pecuniary loss and cannot be considered affidavits. The State responds by arguing that, although the rules of evidence do not apply at sentencing, the Invoice and Ledger Entry are trustworthy because they are business records. The State concludes that the District Court can rely on the Invoice and Ledger Entry as evidence to impose restitution and an affidavit or testimony is not required. The State argues that concluding otherwise "vaults form over substance." The parties agree that, if this Court concludes Dodge's restitution was incorrectly imposed, the appropriate remedy is to remand to conduct a new restitution hearing and resentence Dodge.

¶9 If a person is found guilty of an offense and the sentencing judge finds that a victim sustained a pecuniary loss, the sentencing judge "shall . . . require payment of full restitution . . . ." Section 46-18-201(5), MCA. Restitution engrafts a civil remedy into a criminal proceeding and creates a procedural shortcut for crime victims who are entitled to a civil recovery against the offender. *State v. Aragon*, 2014 MT 89, ¶ 16, 374 Mont. 391, 321 P.3d 841. Section 46-18-242, MCA, provides:

4

(1) Whenever the court believes that a victim may have sustained a pecuniary loss or whenever the prosecuting attorney requests, the court shall order the probation officer, restitution officer, or other designated person to include in the presentence investigation and report:

(a) a list of the offender's assets; and

(b) an affidavit that specifically describes the victim's pecuniary loss and the replacement value in dollars of the loss, submitted by the victim.

(2) When a presentence report is not authorized or requested, the court shall accept evidence of the victim's loss at the time of sentencing.

Thus, § 46-18-201(5), MCA, requires a court to order restitution and § 46-18-242, MCA, requires a victim who suffered a pecuniary loss to provide evidence of that loss either in the form of an affidavit or testimony, depending on whether a PSI is prepared. An affidavit is a written declaration made under oath. Section 26-1-1001, MCA. An affidavit, if provided, is all that is required to permit the court to award restitution and a victim is not required to substantiate a restitution amount with documentation. *McMaster*, ¶ 29. If a PSI is not prepared, the victim can provide evidence of his or her loss by testifying "at the time of sentencing." Section 46-18-242(2), MCA. Testimony is "[e]vidence that a competent witness under oath or affirmation gives at trial or in an affidavit or deposition." *Black's Law Dictionary* 1704 (Bryan A. Garner ed., 10th ed. 2014).

¶10 Here, although attached to the PSI, neither the Invoice nor the Ledger Entry qualifies as an affidavit because neither was made under oath. The Invoice is a letter from the Department of Transportation to Dodge. It identifies a transaction date of June 29, 2015, and states, "Listed below are the total charges owed to the Montana Department of Transportation for repairs as a result of your accident on 11-10-14." The list enumerates the following expenses:

5

| | |
|---|---|
| Labor | 649.72 |
| Equipment | 115.28 |
| Material | 12,465.51 |
| 9.13% Admin | 1,207.94 |
| Total Due | 14,438.44 |

The Invoice contains a typed signature: "Sincerely, Administrative Division." The Ledger Entry is in spreadsheet form and contains the same totals as the Invoice. The Ledger Entry provides more detail than the Invoice by itemizing the individual expenses within each subdivision of labor, equipment, and materials. The Ledger Entry does not indicate when it was prepared and is not signed. Although each document is a "written declaration," neither was made "under oath." Section 26-1-1001, MCA. Neither document is an affidavit and, therefore, cannot be considered under § 46-18-242, MCA, as evidence of the Department of Transportation's pecuniary loss. The State argues this conclusion exalts form over substance; however, restitution must be based, at a minimum, on the victim providing an affidavit.

¶11    We have held that where a PSI was prepared, but the victim failed to include an affidavit as required by § 46-18-242, MCA, a victim's sworn testimony may be accepted by the court instead, if the defendant's substantial rights are not affected. In *McMaster*, an appeal addressing the appropriate measure of restitution following a guilty plea for embezzlement, we analyzed the State's failure to include an affidavit from the victim in the court-ordered PSI. *McMaster*, ¶ 9. Although not affidavits, McMaster's PSI referred to "statements submitted by [the victim] concerning his estimation of an appropriate amount for restitution." *McMaster*, ¶ 9. Instead of providing an affidavit, the victim testified on both days of a two-day restitution hearing and McMaster cross-examined him

on both days. *McMaster*, ¶ 10. We concluded that "any potential failure on the part of the District Court to order the PSI to include a victim's affidavit did not affect McMaster's substantial rights in light of [the victim's] extensive and scrutinized testimony at the hearing . . . ." *McMaster*, ¶ 25.

¶12 Otherwise appropriate restitution will be upheld if the victim provides testimony at the restitution hearing instead of attaching an affidavit to the court-ordered PSI. *McMaster*, ¶ 25. Here, as in *McMaster*, the State failed to attach an affidavit from the Department of Transportation to the PSI. Also similar to *McMaster*, Dodge's PSI referred to and attached statements the Department of Transportation submitted concerning its estimation of an appropriate amount for restitution. However, unlike *McMaster*, the State also failed to present testimony at the restitution hearing. The State recognizes its failure to comply with § 46-18-242, MCA, but argues that this failure is a defect that does not affect Dodge's substantial rights and, therefore, can be disregarded. However, we cannot conclude that the State's failure to provide either an affidavit or testimony did not affect Dodge's substantial rights. "Although restitution is mandatory, the sentencing court must comply with 'detailed procedures and qualifications' before it is authorized to impose a sentence of restitution." *State v. Schaeffer*, 2014 MT 47, ¶ 27, 374 Mont. 93, 321 P.3d 809 (quoting *State v. Pritchett*, 2000 MT 261, ¶ 7, 302 Mont. 1, 11 P.3d 539).

¶13 The requirement of § 46-18-242, MCA, that a victim submit evidence specifically describing his or her pecuniary loss under oath in an affidavit or by testifying at sentencing is designed to ensure that restitution awards comply with basic principles of due process; that is, that an award is reliable. *Schaeffer*, ¶ 29 ("The affidavit of loss is not the only

evidence that may be considered when determining the victim's pecuniary loss. An order of restitution may also be based upon testimony at the sentencing hearing." (citing *McMaster*, ¶ 35)). An oath, contained in either an affidavit or testimony, ensures reliability. *McDermott v. Carie*, 2005 MT 293, ¶ 27, 329 Mont. 295, 124 P.3d 168. "The person who swears to the accuracy of the enumerated costs [in an affidavit] may be held accountable if it is later shown that they have knowingly overstated their costs." *McDermott*, ¶ 27. Here, no one attested or swore to the accuracy of either the Invoice or Ledger Entry. Further, no one provided sworn testimony regarding when either document was prepared; who prepared it; how the costs were calculated; or why, for example, a 9.13% administrative surcharge was applied. No specific person was identified who could be held accountable and address concerns of whether costs were overstated. We conclude that § 46-18-242, MCA, requires a victim to accurately describe his or her pecuniary loss under oath. Here, the Department of Transportation's failure to describe its loss under oath did not comply with the procedures and qualifications of § 46-18-242, MCA, thus drawing into question the reliability of the award and Dodge's substantial right to pay an accurate amount in restitution.

¶14 The State also argues that the Invoice and Ledger Entry are reliable, and therefore acceptable under § 46-18-242, MCA, because they are business records. Records kept in the course of a regularly conducted business activity made at or near the time of the event can be admitted as evidence. M. R. Evid. 803(6). M. R. Evid. 803(6) is an exception to the general rule prohibiting hearsay evidence and is commonly referred to as the business records exception. The reason for accepting this form of evidence is that "business records

are presumed reliable . . . ." *Bean v. Mont. Bd. of Labor Appeals*, 1998 MT 222, ¶ 20, 290 Mont. 496, 965 P.2d 256. The Invoice and Ledger Entry may be business records; however, the rules of evidence do not apply at a sentencing hearing. M. R. Evid. 101(c)(3); *Aragon*, ¶ 12. More importantly, § 46-18-242, MCA, imposes specific procedures and qualifications which must be enforced in lieu of the more general business records exception to the hearsay rule. We decline to apply evidentiary rules to a sentencing proceeding or read an additional acceptable form of evidence into § 46-18-242, MCA, which already specifies the procedures and qualifications that are required.

## CONCLUSION

¶15 Section 46-18-242, MCA, requires a victim suffering a pecuniary loss submit either an affidavit or provide testimony describing his or her pecuniary loss for a district court to impose restitution. We reverse and remand for resentencing for the limited purpose of allowing the District Court to consider imposing restitution consistent with this Opinion.

/S/ LAURIE McKINNON

We Concur:
/S/ DIRK M. SANDEFUR
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ JIM RICE

9