Justice Ingrid Gustafson delivered the Opinion of the Court.
¶ 1 Richard Lane Cleveland, Jr. (Cleveland) appeals from the October 3, 2016 Sentence & Judgment entered by the Twenty-Second Judicial District Court, Carbon County. We reverse and remand for amendment of the Judgment consistent with this Opinion.
¶ 2 We restate the issues on appeal as follows:
1. Whether the District Court erred in ordering restitution to individuals or entities without affidavit or testimony of the individuals or entities specifically describing their pecuniary loss.
2. Whether the written Judgment conforms to the oral sentence pronouncement.
3. Did the Judgment contain an error when it imposed a per count technology fee, rather than the statutorily required per case technology fee?
FACTUAL AND PROCEDURAL BACKGROUND
¶ 3 Cleveland was initially charged by Information on August 7, 2015. The State filed three subsequent Amended Informations, ultimately charging Cleveland with ten felony counts and eight misdemeanor counts ranging from attempted burglary, burglary, criminal mischief, theft and driving while license suspended or revoked. Cleveland entered into a plea agreement pursuant to § 46-12-211(1)(c), MCA, whereby he would plead to three felony counts (Count I: Attempted Burglary; Count VII: Burglary; and Count X: Burglary) and the State agreed to dismiss the remaining charges with prejudice. As part of the plea agreement, Cleveland acknowledged and accepted he was responsible for paying restitution to all businesses he impacted with the caveat, "I understand the State has the burden to establish and prove the restitution amount, and I have the right to challenge the State's determination."
¶ 4 On May 25, 2016, Cleveland pled guilty pursuant to the plea agreement. On August 10, 2016, the District Court held a restitution hearing. Prior to the hearing, the State had filed several restitution affidavits from multiple victims. At the beginning of the hearing, the State advised the court that one victim who had not filed an affidavit was available to testify, and two victims who had filed affidavits could not appear to testify. Rather than seek continuance or to reconvene at a later date to obtain the missing witnesses' testimony, the State desired to "rely on the affidavits that were previously executed." Cleveland objected and requested the State put on its evidence to support the restitution *1076 claimed in the previously presented affidavits.
¶ 5 At issue herein is the restitution amount claimed by Larry Stern, owner of the Belfry Bar, in his affidavit. When Stern testified at the restitution hearing, it became apparent the $11,942 loss asserted in his affidavit did not represent only his pecuniary loss but also included the pecuniary loss of two other victims-Amusement Services ($4,459) and Payment Alliance ($2,700)-who did not submit restitution affidavits or appear and testify as to their losses. Larry testified his specific loss included money taken from the gambling machines to which he paid state taxes and accordingly split profits with Amusement Services, $550 in "shake-a-day" cash, stolen liquor, and a damaged door. Based on this testimony, the District Court awarded $4,783 restitution to Stern. Cleveland does not contest or appeal this award. Cleveland also stipulated to and does not appeal the restitution amounts awarded to Robert DeArmond ($770 Bearcreek Saloon), Bryan Helzer ($1,625 Edgar Bar), and Lisa Loftus ($2,320 Joliet Laundromat).
¶ 6 In support of Amusement Services's claim for restitution, the State sought to admit a quote of $4,459 Stern received from Amusement Services regarding expenses associated with repairs of the machines as well as Stern's affidavit. The State, over Cleveland's objection, also entered an email communication to Stern from Payment Alliance asserting replacement cost of its ATM at $2,700. Based on the quote and email, the District Court awarded Amusement Services $4,459 and Payment Alliance $2,700 in restitution. Cleveland objected to and appeals these awards.
STANDARD OF REVIEW
¶ 7 Restitution awards present a mixed question of law and fact, which we review de novo. State v. Dodge , 2017 MT 318, ¶ 6, 390 Mont. 69, 408 P.3d 510 (citation omitted). We review the appropriateness of imposing restitution for correctness and the District Court's findings regarding the amount of restitution to determine whether they are clearly erroneous. State v. Patterson , 2016 MT 289, ¶ 9, 385 Mont. 334, 384 P.3d 92 (citations omitted). A finding of fact is clearly erroneous if it is not supported by substantial evidence, if the lower court has misapprehended the effect of the evidence, or if our review of the record leaves us with the firm conviction that a mistake has been made. State v. Conley , 2018 MT 83, ¶ 9, 391 Mont. 164, 415 P.3d 473 (citation omitted).
DISCUSSION
¶ 8 1. Whether the District Court erred in ordering restitution to individuals or entities without affidavit or testimony of the individuals or entities specifically describing their pecuniary loss.
¶ 9 Section 46-18-201(5), MCA, requires, in addition to any other penalties, the sentencing judge impose restitution for pecuniary loss sustained by the victim on a defendant convicted of a criminal offense. Section 46-18-242, MCA, "requires a victim who suffered a pecuniary loss to provide evidence of that loss either in the form of an affidavit or testimony...." Dodge , ¶ 9.
¶ 10 Cleveland asserts the District Court erred in imposing the $4,459 award to Amusement Services and the $2,700 award to Payment Alliance in violation of § 46-18-242, MCA, as these losses were not supported by affidavit or testimony of the actual victims.
¶ 11 The State "agrees testimony or affidavits from these victims should have been submitted," but asserts Cleveland did not preserve this issue for appeal. The State contends that "although Cleveland raised several objections at the restitution hearing, none of his objections were based on the statutory requirements for victim testimony or affidavits contained in Mont. Code Ann. § 46-18-242." Given the plea agreement which specifically referenced the State's requirement to "establish and prove the restitution amount," Cleveland's objection at the outset of the hearing to the reliance on the documents the State had already submitted, Stern's testimony he had no personal knowledge of the losses to Amusement Services or Payment Alliance, and Cleveland's multiple objections at the restitution hearing, this assertion *1077 by the State is absurd. It is clear Cleveland preserved this issue for appeal.
¶ 12 It is equally clear, pursuant to the requirements of § 46-18-242, MCA, an affidavit of loss by or testimony of the victim describing the victim's pecuniary losses is required to establish a restitution obligation. Failing to base restitution on the affidavits or testimony given under oath violated Cleveland's due process rights. Affidavit by or testimony of the victim under oath as to the victim's personal knowledge of pecuniary loss ensures reliability and provides a means of holding the victim accountable if it is later shown the victim overstated the claimed loss. Dodge , ¶ 13. A second-hand email or quote provides no indicia of reliability or means of accountability. The same is true of an affidavit, such as Stern's, not based on personal knowledge. Stern's affidavit inappropriately included loss amounts of Amusement Services and Payment Alliance about which Stern had no personal knowledge. He did not know how the amounts were arrived at or what means of calculation was used. To the extent Stern's affidavit averred to the losses of Amusement Services and Payment Alliance, it was invalid as it was not based on his personal knowledge. See State v. Hunt , 2009 MT 265, ¶ 20, 352 Mont. 70, 214 P.3d 1234 and McDermott v. Carie, LLC , 2005 MT 293, ¶ 26, 329 Mont. 295, 124 P.3d 168.
¶ 13 The District Court's award of restitution for Amusement Services and Payment Alliance was clearly erroneous as it is not supported by reliable, substantial evidence. As such, we reverse and remand to the District Court for determination of a proper restitution amount for Amusement Services and Payment Alliance after the affidavit and/or testimonial requirements of § 46-18-242, MCA, have been satisfied.
¶ 14 2. Whether the written Judgment conforms to the oral sentence pronouncement.
¶ 15 The parties agree the District Court's written Judgment does not reflect its oral pronouncement of sentence. At sentencing, the court sentenced Cleveland to consecutive sentences in a proper manner. The District Court first sentenced Cleveland to twenty years with no time suspended for Count I. The court then sentenced Cleveland for Count VII to five years, all suspended, to run consecutively to Count I. Finally, the court sentenced Cleveland for Count X to five years, all suspended, to run consecutively to Counts I and VII. The written judgment provides for Count I to run consecutively to Counts VII and X and Count VII to run consecutively to Counts I and X. As such, we remand this matter to the District Court to conform the written judgment to the oral sentence pronounced by striking the portions of the sentence ordering Count I to run consecutively to Counts VII and X, and striking Count VII's order to run consecutively to Count X.
¶ 16 3. Did the Judgment contain an error when it imposed a per count technology fee, rather than the statutorily required per case technology fee?
¶ 17 The parties agree § 3-1-317(1), MCA, provides for the assessment of only one technology fee for each cause or user and it was error for the District Court to order Cleveland to pay "$10.00 per count for a court information technology fee pursuant to § 3-1-317, Mont. Code Ann." We remand to the District Court to correct this error in the Judgment by striking the word "count" and replacing it with the word "user."
CONCLUSION
¶ 18 We conclude the District Court erred in ordering restitution to Amusement Services and Payment Alliance without requiring an affidavit or testimony of these entities specifically describing their pecuniary loss. Accordingly, we reverse and remand to the District Court for determination of a proper restitution amount for Amusement Services and for Payment Alliance after the affidavit and/or testimonial requirements of § 46-18-242, MCA, have been satisfied. Further, the court's written Judgment does not conform to its oral pronouncement of sentence and we remand this matter to the District Court to conform the written Judgment to the oral sentence pronounced by striking the portions of the sentence ordering Count I to run consecutively to Counts VII and X, and striking *1078 Count VII's order to run consecutively to Count X. Finally, we remand this matter to the District Court to impose only one technology fee.
¶ 19 Reversed and remanded for amendment of the Judgment consistent with this Opinion.
We concur:
MIKE McGRATH, C.J.
DIRK M. SANDEFUR, J.
JAMES JEREMIAH SHEA, J.
JIM RICE, J.