FILED

11/23/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0222

DA 20-0222

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2021 MT 302

STATE OF MONTANA,

      Plaintiff and Appellee,

    v.

RYAN CODY LAMB,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DC 18-301(B)
Honorable Robert B. Allison, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Chad Wright, Appellate Defender, Haley Connell Jackson, Assistant
Appellate Defender, Helena, Montana

      For Appellee:

          Austin Knudsen, Montana Attorney General, Damon Martin, Assistant
Attorney General, Helena, Montana

          Travis R. Ahner, Flathead County Attorney, Alison Howard, Deputy
County Attorney, Kalispell, Montana

Submitted on Briefs: October 6, 2021

Decided: November 23, 2021

Filed:

_____
Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Ryan Cody Lamb (Lamb) appeals a portion of the restitution ordered in the February 27, 2020 Judgment and Sentence from the Eleventh Judicial District Court, Flathead County. Lamb contends the District Court erred in ordering him to pay restitution for certain expenses the victim incurred to attend the trial as the State subpoenaed the victim as a witness and the county[1] is statutorily required to pay certain fees and expenses for its subpoenaed witnesses pursuant to §§ 26-2-506 and 46-15-116, MCA. We address the following issue on appeal:

> *1. Did the District Court err when it ordered Lamb to pay the full restitution requested by a victim subpoenaed on behalf of the State without accounting for statutory witness fees and expenses billable to the county?*

We reverse and remand for additional factfinding.

## PROCEDURAL AND FACTUAL BACKGROUND

¶2 The State charged Lamb with deliberate homicide in violation of § 45-5-102, MCA, in relation to the death of Ryan Nixon. The court held a two-week jury trial from June 3 to June 14, 2019. The State subpoenaed Randy Nixon (Nixon), the father of the deceased victim, to testify at the trial. The jury ultimately deadlocked, and the court declared a mistrial. The State subsequently amended the information to include an alternate charge of negligent homicide in violation of § 45-5-104, MCA. Lamb pleaded guilty to negligent

---

[1] Under § 26-2-506(2)(b), MCA, the statutory witness fees and expenses for a witness subpoenaed by the State in a criminal proceeding must be paid by the county, but the county may be reimbursed by the State under § 26-2-506(2)(c), MCA.

homicide pursuant to an *Alford*[2] plea on December 11, 2019, and the State dismissed the deliberate homicide charge. The District Court accepted the plea and found Lamb guilty of negligent homicide.

¶3 A sentencing hearing was held on February 12, 2021. The State requested $6,795.80 in restitution for Nixon.[3] Nixon's restitution request included loss of wages, lodging, and travel expenses for attending the trial, the sentencing hearing, and meetings with attorneys for the case.[4] Lamb objected to the restitution requested as the losses were "not a direct result of this offense" and the State was responsible to pay some of the amount requested as Nixon was a subpoenaed witness of the State and "the fees should be paid by the parties subpoenaing them" pursuant to §§ 26-2-506 and 46-15-116, MCA. The State responded that the restitution statutes allow crime victims to recover pecuniary losses, which includes expenses reasonably incurred in attending court proceedings related to the commission of the offense. The District Court ordered Lamb to pay Nixon the full $6,795.80 requested. Lamb appeals.

**STANDARD OF REVIEW**

¶4 When challenges to ordered restitution raise mixed questions of fact and law, we review such questions de novo. *State v. Patterson*, 2016 MT 289, ¶ 9, 385 Mont. 334,

---

[2] *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160 (1970).

[3] The State requested and the District Court ordered Lamb to pay a total of $17,129.07 in restitution. Lamb only contests the restitution awarded to Nixon on appeal.

[4] Nixon's affidavit of loss was attached to the presentence investigation report filed in the District Court. This Court may use and disclose information from a presentence investigation report as necessary to explain and inform our analysis on issues raised on appeal. *See* § 46-18-113(2), MCA.

384 P.3d 92. We review factual findings regarding the measure of restitution for clear error. *Patterson*, ¶ 9. We review conclusions of law regarding the measure of restitution for correctness. *Patterson*, ¶ 9.

**DISCUSSION**

¶5    *1. Did the District Court err when it ordered Lamb to pay the full restitution requested by a victim subpoenaed on behalf of the State without accounting for statutory witness fees and expenses billable to the county?*

¶6    Lamb argues the restitution he was ordered to pay to Nixon includes witness fees and expenses the county is responsible to pay under §§ 26-2-501, -506, and 46-15-116, MCA, as the State subpoenaed Nixon as a witness during the trial. He maintains the District Court erred in including these fees and expenses in the restitution order as the county is statutorily obligated to pay those fees and expenses. Lamb asks this Court to reverse and remand for further factfinding because the record is unclear regarding what portion of the requested restitution was attributable to expenses incurred while Nixon was a subpoenaed trial witness and which the county is responsible to pay.

¶7    The State counters the District Court did not err because § 46-18-243(1), MCA, specifically authorizes a court to award restitution for the expenses incurred by Nixon to attend trial as the immediate family member of a homicide victim under § 46-18-243(2)(a)(ii), MCA. The State contends the restitution statutes are more specific and control over the more general statutes governing witness fees.

¶8    Our role in interpreting statutes is to "ascertain and carry out the Legislature's intent." *In re Marriage of Rudolf*, 2007 MT 178, ¶ 41, 338 Mont. 226, 164 P.3d 907; *see also* § 1-2-102, MCA. In doing so, we must simply "ascertain and declare what is in terms

4

or in substance contained therein." Section 1-2-101, MCA. We may not "insert what has been omitted" or "omit what has been inserted." Section 1-2-101, MCA. We must adopt a construction that will give effect to all provisions, if possible. Section 1-2-101, MCA. When it is not possible to construe statutory provisions to give effect to all, a specific statute will control over a more general one. Section 1-2-102, MCA.

¶9 As part of a criminal sentence, a district court must order an offender to make full restitution to any victim who sustained a pecuniary loss because of the offender's criminal activity. Section 46-18-241(1), MCA. This includes loss of income and expenses reasonably incurred in attending court proceedings related to the commission of the offense. Section 46-18-243(1), MCA.

¶10 Separately, Montana statutes provide the county "must" pay certain statutory witness fees and expenses for a witness subpoenaed on behalf of the State in a criminal trial. Sections 46-15-116(4), 26-2-506(2)(b), MCA. These include $10 for each day a witness attends criminal proceedings under subpoena and mileage for traveling to and from the place of trial. Section 26-2-501(1), MCA. If the witness is subpoenaed from another state to testify in Montana additional expenses must be covered. Section 46-15-116(3), MCA.

¶11 Although the statutes providing for witness fees and restitution may overlap under certain circumstances, we do not read these statutes as inherently contradictory and incapable of being harmonized together. The statutes governing witness fees provide for a small daily fee and additional payment to cover specified travel costs a witness may have incurred to testify, such as an allowance for mileage for instate witnesses. *See*

5

§§ 26-2-501(1), 46-15-116(3), MCA. The party that subpoenas a witness "must" pay these costs. *See* § 26-2-506, MCA. The witness fee statutes do not purport to cover all expenses a witness may incur in attending legal proceedings.

¶12 On the other hand, the restitution statutes §§ 46-18-241 and -243, MCA, allow for the recovery of more expenses related to attending criminal proceedings for crime victims than the witness fee statutes provide. Crime victims may recover their lost wages, as well as any "expenses reasonably incurred in attending court proceedings related to the commission of the offense." Section 46-18-243(1)(a), MCA. The purpose of the restitution statutes is to ensure that victims are made whole in relation to any pecuniary losses incurred due to the defendant's criminal activity to the extent such losses could be recovered in a civil action. *See* §§ 46-18-241, -243, MCA. This greater opportunity for recovery for crime victims through restitution from the offender does not eliminate the statutory requirement for the county to pay its subpoenaed witness a small fee and cover certain travel expenses, even if that witness is a victim of the crime. The county retains its obligation to pay the statutorily required fees and expenses of any witness subpoenaed for the prosecution under §§ 46-15-116(4) and 26-2-506(2), MCA. It follows that when a crime victim is subpoenaed as a witness for the State, any pecuniary loss the victim witness incurred in attending court proceedings is offset by the witness fee and travel allowance paid by the county under §§ 26-2-501 and 46-15-116, MCA. The witness who is also a victim of the crime may recover any remaining additional expenses reasonably incurred in attending the proceedings, as well as any lost wages, from the offender through a restitution order under § 46-18-241, MCA.

¶13 At the sentencing hearing, Lamb raised the issue that the witness fee and travel allowance that should have been paid by the county was included in the Nixon's request for restitution. Although Lamb raised the issue, the evidentiary record is lacking on this point. Nixon's affidavit of loss provides the only evidence of Nixon's expenses in the record. It is unclear from the affidavit what portion, if any, of the restitution sought is attributable to expenses Nixon incurred while a subpoenaed trial witness and for which the county would be responsible, or if those expenses were already paid by the county and excluded from the request. We remand for further factfinding before the District Court to determine whether the ordered restitution includes witness fees and expenses the county is responsible to pay Nixon under §§ 46-15-116 and 26-2-501, MCA, and, if necessary, to adjust the ordered restitution amount accordingly.

## CONCLUSION

¶14 Reversed and remanded for further factfinding.

/S/ INGRID GUSTAFSON

We concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA